Singh Kaur v. Garland

BIA
Palmer, IJ
A202 130 011

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-four.

PRESENT:
JON O. NEWMAN,
JOSEPH F. BIANCO,
ALISON J. NATHAN,
*Circuit Judges.*

_____

SARABJIT SINGH KAUR,
*Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

22-6084
NAC

**FOR PETITIONER:**          Jaspreet Singh, Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sarabjit Singh Kaur ("Singh"), a native and citizen of India, seeks review of a January 25, 2022 decision of the BIA, affirming a March 14, 2019 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sarabjit Singh Kaur*, No. A202 130 011 (B.I.A. Jan. 25, 2022), *aff'g* No. A202 130 011 (Immig. Ct. N.Y. City Mar. 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the BIA's and the IJ's decisions "for the sake of completeness." *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510,

513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.     Due Process

"To establish a violation of due process, [a petitioner] must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks and citation omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks and citation omitted).

Singh alleges that he was deprived of due process when the IJ allowed the Department of Homeland Security ("DHS") to file a 2018 report from the Law Library of Congress at the merits hearing. "The Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any." 8 C.F.R. § 1003.31(h). "For individual calendar hearings involving represented, non-detained respondents, amendments to applications for relief, additional supporting documents, updates to witness lists,

3

and other such documents must be submitted at least fifteen (15) days in advance of the individual calendar hearing." Immigr. Court Practice Manual, Chap. 3.1(b)(2)(B). "This provision does not apply to exhibits of witnesses offered solely to rebut and/or impeach." *Id.* Accordingly, because DHS submitted the report as rebuttal evidence, it was not subject to the 15-day deadline. Moreover, IJs have discretion to accept untimely filings. *See* Immigr. Court Practice Manual, Chap. 3.1(d)(2) ("The immigration judge retains the authority to determine how to treat an untimely filing."); *see also Dedji v. Mukasey*, 525 F.3d 187, 192 (2d Cir. 2008) (concluding that IJs have "inherent discretion to depart from the letter of the Local Rules in certain circumstances where fairness demands that noncompliance be excused").

Further, contrary to Singh's arguments that he was denied an opportunity to respond, his counsel objected to the admission of the report as untimely and containing dated information. And Singh has also failed to show what evidence he could or would have presented to undercut the report if given more time to respond. Accordingly, Singh has not demonstrated that he was denied an opportunity to present his claim or shown prejudice, and his due process claim therefore fails. *See Garcia-Villeda*, 531 F.3d at 149; *Burger*, 498 F.3d at 134.

## II. Asylum, Withholding of Removal, and CAT Relief

4

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(a)–(b), 1208.16(b). A CAT applicant must establish that it is "more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

An applicant who has suffered past persecution is presumed to have the well-founded fear of future persecution required for asylum and withholding of removal. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i).[1] The presumption may be rebutted where a preponderance of the evidence establishes that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." *Id.* § 1208.13(b)(1)(i)(B); *see also id.* § 1208.16(b)(1)(i)(B). DHS has the burden to rebut the presumption of future persecution.

---

[1] Citations are to the regulations prior to 2021 amendments. The amendments include a presumption that internal relocation is reasonable when the past persecution was by a private actor, and the amended regulations place the burden on the applicant to prove otherwise. 8 C.F.R. § 1208.13(b)(1)(ii), (3)(iii) (2021). But that change is not retroactively applicable to applications, like Singh's, filed before the January 11, 2021, effective date of the new rule. *See* Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80274, 80281–80282, 80380 (Dec. 11, 2020).

*Id.* §§ 1208.13(b)(1)(ii), 1208.16(b)(1)(ii). Factors affecting the reasonableness of relocation include, but are not limited to, "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." *Id.* §§ 1208.13(b)(3), 1208.16(b)(3).[2] Internal relocation is relevant to CAT relief in that the agency considers the ability to safely relocate in determining the likelihood of torture. *Id.* § 1208.16(c)(3)(ii).

The agency found that Singh "could avoid persecution in India through internal relocation." Certified Administrative Record 48. Substantial evidence supports the agency's internal relocation finding. *See Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) (reviewing relocation finding for substantial evidence). Singh testified that Shiromani Akali Dal Badal Party ("Badal Party") members attacked him twice between 2013 and 2014 in his home state of Punjab, and that

---

[2] These factors have been amended to "the size of the country of nationality or last habitual residence, the geographic locus of the alleged persecution, the size, numerosity, and reach of the alleged persecutor, and the applicant's demonstrated ability to relocate to the United States in order to apply for asylum." 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3) (2021). This change is also not retroactively applicable to Singh's application. *See* Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80274, 80281, 80380 (Dec. 11, 2020).

the local police detained and tortured him because of his membership in the Shiromani Akali Dal Mann Party ("Mann Party"). The IJ, relying principally on the 2018 report from the Law Library of Congress, identified the following evidence to support relocation: (1) there are no legal obstacles to Sikhs moving within India so long as they are not of interest to national authorities, and they regularly do so; (2) there are significant populations of Sikhs living in India outside of Punjab; (3) Singh did not have national notoriety as he testified only to local activities supporting the Mann Party, such as hanging posters, recruiting people for rallies, and arranging tents; (4) individuals with pro-Khalistan views and Mann Party supporters generally are not subject to persecution, especially outside of Punjab; and (5) Singh was not so unskilled or uneducated as to prevent his relocation because he had a seventh grade education, had worked in the United States for several years in construction, and his language (Punjabi) was spoken in other areas of India.

The IJ did not err in relying on the Law Library of Congress report. *See Surinder Singh*, 435 F.3d at 219 (noting that "country condition reports may in some circumstances be sufficient, in and of themselves, to support a finding of no clear probability of persecution"). And we have upheld a relocation determination for a Sikh Mann Party member based on similar evidence. *See Jagdeep Singh v.*

7

*Garland*, 11 F.4th 106, 117 (2d Cir. 2021) (upholding relocation finding where "[t]he record contained evidence that there are 1.2 billion people, including 19 million Sikhs, living in India and that Indian citizens—Sikhs in particular—do not face difficulties relocating within the country," that "there is no central countrywide registration system or nationwide police database that members of the . . . Badal [Party] could use to track rivals and that only high-profile militants—not local party organizers . . . are of interest to national authorities," and that "there have been no recent reports of persecution against [Mann Party] members"). Singh also does not identify evidence that undermines the agency's conclusion that he could relocate; rather, he cites the Law Library of Congress report for the proposition that Mann party members, or Sikhs who advocate for Khalistan, have been falsely implicated as terrorists and taken into preventative detention in advance of demonstrations. He also cites news reports of an attack in New Delhi by police that resulted in injuries to two dozen Sikh protesters. However, the Law Library of Congress report also notes that Mann Party members are not targeted by the police unless they are suspected of terrorism, i.e., not for simply demonstrating for Khalistan. And the report of police violence in New Delhi was from 2013, and does not establish that Singh will be persecuted, or that the Badal Party or Hindus generally persecute those with pro-Khalistan views. As a result,

8

Singh fails to adequately challenge the IJ's internal relocation determination.

We do not reach the agency's alternative fundamental change finding because the relocation finding is dispositive.[3]  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[3] The relocation finding is dispositive of all forms of relief.  *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B), (c)(3)(ii); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

9